UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Chapter 11

BROOKLYN PARK SLOPE FITNESS LLC              Case No.: 23-41129 (ESS)
DBA RETRO FITNESS OF PARK SLOPE,

                               Debtor.
-------------------------------------------------------------X

DECLARATION OF FIDELIA PEREZ IN COMPLIANCE
WITH RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES

Fidelia Perez, being duly sworn, deposes and says:

1. I am the manager for the chapter 11 case of Brooklyn Park Slope Fitness LLC dba Retro Park Fitness of Park Slope ("Debtor"), a New Jersey limited liability company. I have knowledge of and am familiar with the day-to-day operations, business and financial affairs and books and records of the Debtor. With respect to pending legal matters, I have relied upon the advice and counsel of the Debtor's attorneys and other professionals.

2. I submit this Declaration (the "Declaration") in support of the Debtor's voluntary petition ("Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.§§ 101, *et. sec.* (as amended, "Bankruptcy Code"), and pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Eastern District of New York (the "E.D.N.Y. LBR").

3. Except as otherwise noted herein, all facts set forth in this Declaration are

1

based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. Unless otherwise indicated, the financial information set forth below is unaudited.

## Background

5. On March 31, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. No trustee, examiner or committee of unsecured creditors has been appointed, and the Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtor maintains a principal place of business at 25 12th Street, Brooklyn, New York 11215 ("Premises") which it occupies pursuant to a lease, as amended from time to time, ("Lease") which current lease term expires in 2024 and which Lease contains two (2) renewal options, for five (5) years each, provided the Debtor is not in default of its obligations under the Lease. The Debtor's books and records and senior management are located in Brooklyn, New York and Cranford, New Jersey. Warren Destefano ("Destefano") is the 100% member of the Debtor.

7. The Debtor operates a gym from the Premises which are located on the 3rd floor in a shopping center commonly known as the Hamilton Plaza Shopping Center.

2

8. There are approximately 16 employees, not including Destefano. The employees consist of managers, front desk staff, maintenance staff, fitness instructors and personal trainers. Currently there are approximately 1,700 gym members.

## Summary of Reasons for Bankruptcy Filing

9. The Debtor was compelled to seek bankruptcy protection to restructure its business due to a variety of factors including, but not limited to: (1) the continuing impact of the COVID-19 pandemic and its attendant impact on fitness facilities, including a significant reduction in the amount of gym members; (2) a dispute with the Small Business Administration in connection with an EIDL loan which was purportedly accelerated based on a change in ownership of the Debtor, a matter vigorously disputed by the Debtor; and (3) a long-standing dispute with the landlords, 12th Street Associates A LLC, 12th Street Associates B LLC, and 12th Street Associates C LLC (collectively, "Landlord") in connection with the agreement of lease, as modified ("Lease") between the parties and a Put/Call and Parking Option Agreement ("Put/Call Agreement") between the Debtor and Manischevitz Family LLC, ("Manischevitz") under which the parking lot at the Premises was altered beyond what was permitted under the Lease, which materially reduced the Debtor's gym members ability to park and use the Debtor's gym facility, further negatively impacting Debtor's operations and cash flow.

10. Despite the Debtor exercising its option under the Put/Call Agreement, the Debtor did not receive the Put Option Assignment Price from Manischevitz. The Debtor subsequently commenced an action against Manischevitz and the Landlord,

3

amongst other defendants, in 2019 under the caption: *Brooklyn Park Slope Fitness, LLC and Back on Track Consulting, Inc. v Manischevitz Family LLC, 12th Street Associates A LLC, 12th Street Associates B LLC, 12th Street Associates C LLC, et al*, Index No. 525288/2019, which remains pending in the Supreme Court of the State of New York, Kings County ("State Court Litigation"). This action has been languishing in Kings Supreme Court for nearly four (4) years and has severely impacted the Debtor's operations and profitability. The Debtor intends on removing the State Court Litigation to this Court for further proceeding, and a trial.

11. Despite having commenced the State Court Litigation in November 2019, as of the Petition Date, discovery in the State Court Litigation has not yet concluded, and at the most recent conference held before the State Court in January 2023, discovery deadlines are expected to be further extended to an outside date of July 2023.

12. Debtor continues to operate its gym, with a significantly reduced number of members, but is only able to break even with monthly loans to the Debtor from its equity owner. These loans have supported the Debtor's business, and, as of the Petition Date, the Debtor is current in its obligations to the Landlord and the SBA, but the Debtor also has significant ongoing obligations to other vendors and is unable to stay current with its general trade debt. In addition, at this juncture, the equity member loans are no longer a viable mechanism to continue to maintain operations. Accordingly, it seeks the protections afforded it by the Bankruptcy Code to restructure and emerge from chapter 11 as a reorganized viable entity.

13. In conjunction with the filing of the Debtor's petition and schedules, the

4862-9994-4534, v. 5

Debtor is filing certain "first day" motions including a motion for authorization to utilize cash collateral and a payroll motion. Debtor respectfully refers the Court and interested parties to the petition and schedules and the first day motions being filed contemporaneously herewith for additional detail related to the Debtor's financial condition and incorporates each of them herein by reference.

<u>**Compliance with Rule 1007-4 of the Local Bankruptcy Rules**</u>

<u>E.D.N.Y. LBR 1007-4(a)(i)</u>

14. The Debtor is not electing to be a small business debtor.

<u>E.D.N.Y. LBR 1007-4(a)(ii)</u>

15. The Debtor is not a single asset real estate debtor within the meaning of Bankruptcy Code 101(51B).

<u>E.D.N.Y. LBR 1007-4(a)(iii)</u>

16. A description of the nature of Debtor's business and a statement of the circumstances leading up to the Debtor's filing under Chapter 11 is contained herein at the sections entitled "Background" and "Summary of Reasons for Bankruptcy Filing."

<u>E.D.N.Y. LBR 1007-4(a)(iv)</u>

17. This case was not originally commenced under Chapter 7, Chapter 12 or Chapter 13.

<u>E.D.N.Y. LBR 1007-4(a)(v)</u>

18. No committee was organized prior to the order for relief in the Chapter 11 case.

5

### E.D.N.Y. LBR 1007-4(a)(vi)

19. A list containing the names and addresses, and the amounts of the claims of the Debtor's twenty (20) largest known unsecured creditors, is being filed with the Debtor's petition and schedules and designates which claims are contingent, unliquidated, disputed, or partially secured.

### E.D.N.Y. LBR 1007-4(a)(vii)

20. A list containing the names and addresses, and the amount of the claims of the Debtor's secured creditors along with a description and estimate of the value of the collateral securing those claims is being filed with the Debtor's petition and schedules and designates whether the claim or lien is disputed.

### E.D.N.Y. LBR 1007-4(a)(viii)

21. A summary of the Debtor's assets and liabilities on an unaudited basis as of the Petition Date is being filed with the Debtor's schedules.

### E.D.N.Y. LBR 1007-4(a)(ix)

22. To the best of my knowledge, there are no classes of shares of stock, debentures, or other securities of the Debtor that are publicly held.

### E.D.N.Y. LBR 1007-4(a)(x)

23. There is no property of the Debtor in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

### E.D.N.Y. LBR 1007-4(a)(xi)

24. The Debtor operates its business from 25 12th Street, Brooklyn, New

York.

### E.D.N.Y. LBR 1007-4(a)(xii)

25. The Debtor's assets are located at 25 12th Street, Brooklyn, New York. The Debtor holds no assets outside the territorial limits of the United States.

### E.D.N.Y. LBR 1007-4(a)(xiii)

26. A description of the nature and the present status of the State Court Action is contained herein at the section entitled "Summary of Reasons for Bankruptcy Filing". A list identifying any other pending actions against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent is being filed with the Debtor's schedules and statement of financial affairs.

### E.D.N.Y. LBR 1007-4(xiv)

27. In addition to Fidelia Perez, the Debtor's Manager, the names of the individuals who comprise the Debtor's existing senior management and their tenure with the Debtor, is being filed with the Debtor's statement of financial affairs.

### E.D.N.Y. LBR 1007-4(xv)

28. The estimated amount of the payroll to the employees (which do not include any officers, directors, members, stockholders, and partners of the Debtor) for the thirty (30) day period following the filing of this Chapter 11 case is approximately $30,000.

### E.D.N.Y. LBR 1007-4(xvi)

29. The Debtor estimates that for the thirty (30) day period following the commencement of its Chapter 11 case, there will be no amounts to be paid for services

to the Debtor's officers or members.

### E.D.N.Y. LBR 1007-4(xvii)

30. The estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, for the thirty (30) day period following the filing of the Chapter 11 petition, is attached hereto.

### E.D.N.Y. LBR 1007-4(xviii) and (xix)

31. The Debtor's maintain adequate insurance and a schedule of the Debtor's insurance policies is available upon request. The Debtor's bank accounts are set forth in the schedules attached to the Debtor's petition.

### E.D.N.Y. LBR 1007-4(xx)

32. The Debtor will provide such additional information to the Court as is necessary to fully inform the Court of its rehabilitation prospects.

### Request for Extraordinary Relief

33. Additionally, in accordance with Admin. Order No. 565 and pursuant to Local Bankruptcy Rule 9077-1, the Debtor is seeking immediate relief with respect to its (a) motion to use cash collateral and (b) motion to pay prepetition wages, filed contemporaneously with this declaration. Without immediate access to cash collateral, the Debtor will be unable to operate its business and suffer immediate and irreparable harm. Similarly, if the Debtor cannot pay prepetition wages, it will also suffer immediate and irreparable harm, should its employees not be paid on account of their prepetition wages. Accordingly, the Debtor requests a

8
4862-9994-4534, v. 5

first day hearing on these two motions.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Fidelia Perez
Fidelia Perez