**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Lori Schwartz
Clement Yee
*Proposed Attorneys for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| **BROOKLYN PARK SLOPE FITNESS LLC** | Case No.:  23-41129 (ESS) |
| **DBA RETRO FITNESS OF PARK SLOPE,** | |
| | |
| Debtor. | |

-----------------------------------------------------------X

DEBTOR'S MOTION PURSUANT TO SECTIONS
105(A) AND 363(B) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 6003 AND
6004 FOR INTERIM AND FINAL AUTHORIZATION
(I) TO PAY WAGES AND COMPENSATION AND (II) FOR
FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
<u>CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS</u>

Brooklyn Park Slope Fitness LLC dba Retro Fitness of Park Slope (the "<u>Debtor</u>"), by its proposed counsel, Leech Tishman Robinson Brog, PLLC, respectfully represents:

<u>JURISDICTION</u>

1.	This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.	Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

## BACKGROUND

4. On March 31, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner or committee has been appointed.

6. The Debtor operates a gym located at 25 12th Street., Brooklyn, New York in a shopping center commonly known as the Hamilton Plaza Shopping Center. The Debtor filed for chapter 11 protection because of, among other things, (i) financial distress caused by the continuing impact of the COVID-19 impact, which negatively impacted fitness facilities, (ii) a dispute with Small Business Administration in connection with an EIDL loan which was purportedly accelerated based on a change in ownership of the Debtor, a matter vigorously disputed by the Debtor and (iii) a long-standing dispute with the Debtor's landlord regarding the landlord improperly diminishing the parking spaces available for the Debtor and its patrons/members.

7. A description of the background of this case is also set forth in the Declaration Pursuant of Fidelia Perez Pursuant to Local Rule 1007-4 filed as ECF Doc. 2.

## RELIEF REQUESTED

8. By this motion, the Debtor requests entry of an interim order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay its current employees (the "Employees") for work performed prepetition for the payroll periods of March 27, 2023 through March 30, 2023 (the "Prepetition Payroll") and to honor certain other prepetition employee-related obligations. The Debtor seeks this authority to minimize the personal hardship that the Employees would suffer if they are not paid their wages and associated benefits when due and to maintain the morale of its essential workforce during this critical time.

9. The obligations that the Debtor seeks authority to pay include: wages and salaries and federal and state withholding taxes and other amounts withheld (collectively, the "Employee Obligations"), and to pay all fees and costs incident to the foregoing, including amounts to third- party administrators. Because of the potential for irreparable harm if the Employee Obligations are not paid or otherwise satisfied when due, the Debtor seeks immediate authority to pay all such obligations.

10. In addition, the Debtor seeks authorization for applicable banks and other financial institutions (collectively, the "Banks") to receive, process, and pay any and all checks, electronic fund transfers, and automatic payroll transfers drawn

on the Debtor's payroll and/or general disbursement accounts (collectively, the "Disbursement Accounts"), to the extent that such checks or transfers relate to any of the prepetition Employee Obligations.

## THE DEBTOR'S PREPETITION EMPLOYEE OBLIGATIONS

11. In the ordinary course of its business, the Debtor incurs payroll and various other obligations, including benefit obligations, to its employees for the performance of services. The Debtor's next payroll is due April 14, 2023, which includes the Prepetition Payroll. Maintaining the Debtor's workforce with minimal interruption is critical to the survival of the Debtor's business and the Debtor, therefore, seeks the relief requested herein in the uninterrupted payment of its payroll obligations.

12. For the Prepetition Payroll, the Debtor employs approximately 16 employees, all of whom are hourly wage employees.[1] The Debtor's average weekly gross payroll for its employees varies depending on the hours worked, however, the Debtor's payroll over a two-week period averages $13,000. All employees are paid on a bi-weekly basis in arrears (the "Employee Compensation Obligations"). The Debtor anticipates that its Employee Compensation Obligations for the Prepetition Payroll to be around the $13,000 average payroll as the Prepetition Period only covers four days rather than the typical 14-day payroll period, and the Debtor anticipates the Debtor's staffing needs to be the same as the Prepetition Payroll. The Employee Compensation Obligations with respect to each Employee for the

---

[1] The number of employees employed by the Debtor during a payroll period varies depending on the Debtor's needs.

Prepetition Payroll and the Prepetition Stub Period will not exceed the $15,150.00 cap under section 507(a)(4) of the Bankruptcy Code.[2]

13. The Debtor is also required by law to withhold amounts related to federal, state, and local income taxes, as well as Social Security and Medicare taxes, for remittance to the appropriate taxing authority (collectively, the "<u>Withheld Amounts</u>"). The Debtor is required to pay additional amounts for federal and state unemployment insurance (collectively, the "<u>Employer Payroll Taxes</u>," together with the Withheld Amounts, the "<u>Payroll Taxes</u>"). Federal and State Unemployment Insurance payments are payable quarterly. The Debtor's Payroll Taxes are approximately $2,800 and the Debtor estimates a similar proportionate amount in Payroll Taxes for this Prepetition Period.

## BASIS FOR RELIEF

14. Pursuant to sections 507(a)(4)(A) of the Bankruptcy Code, claims of Employees of the Debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date are afforded priority unsecured status to the extent of $15,150 per Employee.

15. Furthermore, section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of

---

2 The Debtor reserves the right to contest the validity or amount of any Employee Compensation Obligation or Employee Obligation.

> this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

16. The Debtor believes that the Employee Obligations for the Prepetition Payroll constitute priority claims under sections 507(a)(4) and (5) of the Bankruptcy Code. As priority claims, the Employee Obligations must be paid in full before any general unsecured obligations of the Debtor may be satisfied. Accordingly, the relief requested may affect only the timing of the payment of these priority obligations and will not prejudice the rights of general unsecured creditors or other parties in interest. Indeed, as of the Petition Date, the Debtor believes that no Employees are owed in excess of $15,150.00 on account of the Prepetition Payroll and Stub Period.

17. A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the Debtors is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the Debtors." In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing Ionosphere Clubs, 98 B.R. at 177). See also In re Just for Feet, Inc., 242 B.R. 821 (D. Del. 1999) (court is authorized under section 105(a) to allow immediate payment of prepetition claims of vendors found to be critical to the Debtors' reorganization, citing In re Penn Central Transp. Co., 486 F.2d 519 (3d Cir. 1973)); In re Columbia Gas Sys. Inc., 171 B.R. 189 (Bankr. D. Del. 1994) (noting that, in the

Third Circuit, Debtors may pay prepetition claims that are essential to continued operation of their business).

19. 18. The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a Debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the Debtors." In re Ionosphere Clubs, Inc., 98 B.R. at 176 (Bankr. S.D.N.Y. 1989) (authorizing the payment of prepetition employee wages and benefits); see also Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).  This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the Debtors." Ionosphere Clubs, 98 B.R. at 176.

19. In this case, any delay or failure to pay wages, salaries, benefits, and other similar items would irreparably impair the Employees' morale, dedication, confidence, and cooperation, and would adversely impact the Debtor's relationship with its Employees at a time when the Employees' support is critical to the Debtor's chapter 11 case.  At this early stage, the Debtor simply cannot risk the substantial damage to its business that would inevitably accompany a rapid decline in its Employees' morale.

20. Absent a grant of the relief requested herein, the Employees will suffer undue hardship and, in many instances, serious financial difficulties, as the

amounts in question are needed to enable the Employees to meet their own personal financial obligations. Without the requested relief, the stability of the Debtor will be undermined, perhaps irreparably, by the distinct possibility that otherwise loyal Employees will seek other employment alternatives.

21. With respect to Payroll Taxes in particular, the payment of such taxes will not prejudice other creditors of the Debtor's estate, as the relevant taxing authorities generally would hold priority claims under section 507(a)(8) of the Bankruptcy Code in respect of such obligations. Moreover, the portion of the payroll taxes withheld from an Employee's wages on behalf of the applicable taxing authority is held in trust by the Debtor. As such, these trust fund taxes are not property of the Debtor's estate under section 541 of the Bankruptcy Code. See, e.g., Begier v. IRS, 496 U.S. 53 (1990) (withholding taxes are property held by a Debtor in trust for another and, as such, are not property of the Debtor's estate).

22. The Debtor does not seek to alter its compensation or other benefit policies at this time. This motion is intended only to permit the Debtor, in its discretion, to make payments consistent with the Debtor's existing policies to the extent that, without the benefit of an order approving this motion, such payments may be inconsistent with the relevant provisions of the Bankruptcy Code, and to permit the Debtor, in its discretion, to continue to honor its practices, programs, and policies with respect to its Employees, as such practices, programs, and policies were in effect as of the Petition Date. Payment of all Employee Obligations in accordance with the Debtor's prepetition business practices is in the best interests

of the Debtor's estate, its creditors, and all parties in interest and will enable the Debtor to continue to operate its business in an economic and efficient manner without disruption. The Debtor's Employees are central to its operations and are vital to this chapter 11 case. A significant deterioration in employee morale at this critical time undoubtedly would have a devastating impact on the Debtor, its customers and vendors, and the value of the Debtor's assets and business.

23. In other chapter 11 cases, courts in the Eastern District and Southern District of New York have approved payment of prepetition claims for compensation, benefits, and expense reimbursements similar to those described herein. See, e.g., *In re Amsterdam House Continuing Care Retirement Comm. Inc.*, Case No. 21-71095 (Bankr. E.D.N.Y. July 22, 2021); In 85 Flatbush RHO Mezz LLC, Case No. 20-23280 (Bankr. S.D.N.Y. Jan. 13, 2021); In re Ample Hills Holdings, Inc., Case No. 20-41559 (Bankr. E.D.N.Y. Apr. 13, 2020); In re Franklin NYC L LC, Case No. 19-13136 (Bankr. S.D.N.Y. Nov. 14, 2019) (ECF Doc. No. 274); In re Orion Healthcorp. Inc., Case No. 18-71748 (Bankr. E.D.N.Y. April 6, 2018).

24. The Debtor submits the facts cited herein illustrate that the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate. Based on the foregoing, Bankruptcy Rule 6003 has been satisfied.

25. Furthermore, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

26. Authorization to pay all amounts on account of prepetition Employee Obligations shall not be deemed to constitute postpetition assumption or adoption of any contract, program, policy, or collective bargaining agreement pursuant to sections 365 and/or 1113 of the Bankruptcy Code. The Debtor is in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto. Moreover, authorization to pay all amounts in respect of prepetition Employee Obligations shall not affect the Debtor's right to contest the amount or validity of any Employee Obligation, including without limitation, the Payroll Taxes that may be due to any Taxing Authority.

## NOTICE

27. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. Service of this motion will be on the Office of the United States Trustee, the Debtors' secured creditors, and the Debtor's 20 largest creditors.

28. No previous motion or application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
March 31, 2023

        **LEECH TISHMAN**
        **ROBINSON BROG, PLLC**
        875 Third Avenue, 9th Floor
        New York, New York 0022
        Tel. No.: 212-603-6300
        *Proposed Counsel for the Debtor*

        By:/s/ Fred B. Ringel
            **Fred B. Ringel**

4877-8938-6833, v. 1