UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                    Chapter 11

**BROOKLYN PARK SLOPE FITNESS LLC**          Case No.:  23-41129 (ESS)
**DBA RETRO FITNESS OF PARK SLOPE,**

                                    Debtor.
----------------------------------------------------------X

## INTERIM ORDER PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING THE DEBTOR TO (I) PAY WAGES AND COMPENSATION AND (II) FOR FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon the motion, dated March 31, 2023 ( "Motion"), of Brooklyn Park Slope

Fitness LLC dba Retro Fitness of Park Slope ("Debtor"), seeking authorization,

pursuant to sections 105(a) and 363(b) of title 11 of the United States Code

("Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), to pay wages, compensation, and all other

Employee Obligations[1] and authorizing financial institutions to honor and process

checks and transfers related to such obligations, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§

1408 and 1409; and due and proper notice of the Motion having been provided to (i)

---

[1] Terms not defined herein shall have the meaning proscribed in the Motion.

the United States Trustee for the Eastern District of New York (the "U.S. Trustee"),(ii) those creditors holding secured claims, and (iii) the twenty largest unsecured claims against the Debtor's estate, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion ("Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and such relief is necessary to avoid immediate and irreparable harm; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to its Employees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not required, to make all payments with respect to prepetition Employee Obligations for the Prepetition Payroll, with the exception of insiders, in the amounts described in the Motion with respect to such Employee

Obligations, and in accordance with the Debtor's prepetition practices and policies; and it is further

ORDERED, none of the payments on account of Employee Obligations exceed the cap set forth in section 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED, none of the payments on account of Employee obligations are covered under section 503(c) of the Bankruptcy Code; and it is further

ORDERED, that the Debtor is not authorized to pay Employees any severance payments under this Motion; and it is further

ORDERED, that there will be no reimbursement of any Employee expenses exceeding $1,000 pending a final hearing on such expense;

ORDERED, that nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any executory contract, unexpired lease, or collective bargaining agreement pursuant to sections 365 and/or 1113 of the Bankruptcy Code; and it is further

ORDERED, that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Employee Compensation Obligation or Employee Obligation, including without limitation any taxes that may be due to any taxing authority; and it is further

ORDERED, that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED, that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED, that a final hearing on the Motion shall be held on May 2, 2023 at 3:00 p.m. prevailing Eastern Time before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York.  The hearing shall proceed by Zoom video conference.

Parties wishing to participate **must register with eCourt Appearances two days in advance of all appearances. To register for eCourt Appearances please go to** https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. Once registered, eCourt Appearances will email the telephone number and video link for your hearing. You may register for hearings weeks in advance, but the telephone number and video link will not be emailed to you until 48 hours before the hearing date. Those registering with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the telephone number and video link.

Those unable to access eCourt Appearances must email Judge Stong's Courtroom Deputy at:  ESS_Hearings@nyeb.uscourts.gov at least two (2) business

days prior to the hearing. Your email must include your name, case number, who you represent (if you are an attorney), hearing date, and phone number; and it further

ORDERED, that within three (3) business days after entry of this Order, the Debtor shall serve a copy of this Order on (i) the United States Trustee, (ii) the Debtor's secured creditors and their counsel, if known, and (iii) the Debtor's twenty (20) largest unsecured creditors, and (iv) parties who had filed notices of appearance; and it is further

ORDERED, that objections to the final relief sought in the Motion are due on April 25, 2023 at 4:00 p.m. and are to be served on (i) proposed counsel to the Debtor, Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, New York, New York 10022, attn: Fred B. Ringel, (ii) the Debtor's secured creditors and their counsel, if known, (iii) the top 20 unsecured creditors, (iv) parties who had filed notices of appearance, and (iv) the United Statues Trustee, Region 2 – Brooklyn Division, Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004-1408

Dated: Brooklyn, New York
April 6, 2023



Elizabeth S. Stong
United States Bankruptcy Judge