LEECH TISHMAN ROBINSON BROG, PLLC
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Lori Schwartz
Clement Yee
*Proposed Attorneys for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **BROOKLYN PARK SLOPE FITNESS LLC DBA RETRO FITNESS OF PARK SLOPE,** | Case No.: 23-41129 (ESS) |
| Debtor. | |

----------------------------------------------------------X

DEBTOR'S MOTION TO ESTABLISH
PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:

Brooklyn Park Slope Fitness LLC dba Retro Fitness of Park Slope ("Debtor"), the debtor and debtor in possession in the above captioned chapter 11 cases respectfully represent as follows in support of this motion ("Motion"):

Relief Requested

1. By this Motion, pursuant to sections 331 and 105(a) of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of

New York ("Local Rules"), the Debtor requests entry of an order establishing v procedures for monthly allowance and payment of compensation and reimbursement of expenses ("Monthly Compensation Procedures") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (collectively, "Retained Professionals").

2.   The proposed Monthly Compensation Procedures are in accordance with the standing Administrative Order No. 538 of the Bankruptcy Court for the Eastern District of New York, dated April 10, 2009, Local Rule 2016-1(b) establishing procedures for monthly compensation and reimbursement of expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016(a).

3.   A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** ("Proposed Order").

## JURISDICTION

4.   The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. Dec. 5, 2012) (Bagley, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408

and 1409.

## BACKGROUND

5.  On March 31, 2023 ("Petition Date"), the Debtor commenced its Chapter 11 case ("Chapter 11 Case") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.  No examiner, trustee or official committee of unsecured creditors has been appointed in this Chapter 11 case.

7.  The Debtor operates a gym located at 25 12th Street., Brooklyn, New York in a shopping center commonly known as the Hamilton Plaza Shopping Center. The Debtor filed for chapter 11 protection because of, among other things, (i) financial distress caused by the continuing impact of the COVID-19 impact, which negatively impacted fitness facilities, (ii) a dispute with Small Business Administration in connection with an EIDL loan which was purportedly accelerated based on a change in ownership of the Debtor, a matter vigorously disputed by the Debtor and (iii) a long-standing dispute with the Debtor's landlord regarding the landlord improperly diminishing the parking spaces available for the Debtor and its patrons/members.

8.  A description of the background of this case is also set forth in the Declaration of Fidelia Perez Pursuant to Local Rule 1007-4 filed as ECF Doc. 2.

## RETENTION OF PROFESSIONALS

9.  The Debtor believes that establishing orderly procedures to pay Retained Professionals in this case will streamline the administration of the Chapter 11 Case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in

interest. Specifically, a streamlined process for serving fee applications and notices thereof is in the best interest of the Debtor, because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses, among other charges.

## PROPOSED REIMBURSEMENT AND COMPENSATION PROCEDURES

10. The Debtor proposes that the payment of compensation and reimbursement of expenses of the professional retained by order of this Court be structured as follows:

   a. By the twentieth (20th) day of each month following the month for which compensation is sought or as soon as practicable, each Retained Professional seeking compensation pursuant to this Order will file with the Court a monthly fee statement ("Monthly Fee Statement") and serve it by hand or overnight delivery on the following parties (collectively, "Notice Parties"): (a) counsel to the Debtor, Leech Tishman Robinson Brog PLLC., Attn: Fred B. Ringel, 875 Third Avenue, 9th Floor, New York, New York 10022; (b) counsel to Flushing Bank, Certilman Balin Adler & Hyman, LLP, Attn: Richard J. McCord and Thomas J. McNamara, 90 Merrick Avenue, 9th Floor, East Meadow, New York 11554,; and (c) the United States Trustee ("U.S. Trustee"), Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004-1408, Attn: Nazar Khodorovsky;

   b. The Monthly Fee Statement need to be filed with the Court and a courtesy copy need not be delivered to Chambers since any order on the Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

   c. Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional

should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996 as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

d. Each Notice Party receiving a statement will have fourteen (14) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the 14th (14th) day following receipt, serve upon the Retained Professional whose statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

e. At the expiration of the fourteen (14) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

f. If the Debtor receives an objection to a particular Monthly Fee Statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

g. If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

h. All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j), below;

i. The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application

  subsequently made to the Court in accordance with the Bankruptcy Code;

j. Approximately every 120 days, but no less frequently than every 150 days, each Retained Professional shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

k. Any Retained Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such Retained Professional, since retention);

l. The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

m. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of any Retained Professional;

n. Counsel for each official committee, if any, may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

o. The Debtor also request that the Court limit service of interim fee applications and the final fee application (collectively, "Fee Applications") to the Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this Chapter 11 Case shall be entitled to receive only notice of hearings on the Fee Applications ("Hearing Notices"). Serving the Fee Applications and the Hearing Notices in this manner will permit the parties most

active in this Chapter 11 Case to review and object to the Retained Professionals' fees and will save unnecessary duplication and mailing expenses.

## THE RELIEF SHOULD BE GRANTED

11. Pursuant to section 331 of the Bankruptcy Code and Local Rule 2016-1, all professionals have a right to submit applications for interim compensation and reimbursement of expenses not more than once every one-hundred and twenty (120) days, but no more than one-hundred fifty (150) days, or more often if the court permits.

12. Establishing streamlined procedures for the timely payment of Retained Professionals will promote the efficient administration of this Chapter 11 Case. The Compensation Procedures will enable the Debtor and U.S. Trustee to closely monitor administrative costs, maintain cash flow availability and ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to these procedures.

13. The Debtors submit that the Compensation Procedures are in substantial compliance with Local Rule 2016-1 and Administrative Order No. 538 and consistent with other monthly compensation procedures established in other Chapter 11 cases in the Eastern and Southern District of New York. *See, e.g.*, *In re 26 Bowery LLC*, Case No. 22-10412 (July 20, 2022); *In re GBG USA Inc., et al.*, Case No. 21-11369-mew (Sept. 1, 2021); *In re Amsterdam House Continuing Care Retirement Comm. Inc.*, Case No. 21-71095-ast (July 16, 2021); *In re The Northwest Company, LLC, et al.*, Case No. 20-10990-mew (June 2, 2020); *In re Orion Healthcorp. Inc.*, Case No. 18-71748-ast (May 29, 2018).

## NOTICE

14.     Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) the Debtor's 20 largest unsecured creditors; (iii) counsel to the Debtor's secured creditors; and (iv) any such other party entitled to notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

15.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

**Dated:**  New York, New York
April 10, 2023

> **LEECH TISHMAN
> ROBINSON BROG, PLLC**
> 875 Third Avenue, 9th Floor
> New York, New York 0022
> Tel. No.: 212-603-6300
> *Counsel for the Debtor*
>
> By: /s/ Fred B. Ringel
>      **Fred B. Ringel, Esq.**

4853-7126-8693, v. 1

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                          Chapter 11

**BROOKLYN PARK SLOPE FITNESS LLC**            Case No.:  23-41129 (ESS)
**DBA RETRO FITNESS OF PARK SLOPE,**

                                    Debtor.
----------------------------------------------------------X

## ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion dated April 10, 2023 (ECF No. [ ]) ("Motion")[1] of Brooklyn Park Slope Fitness LLC dba Retro Fitness of Park Slope ("Debtor") as debtor and debtor in possession in the above captioned chapter 11 case pursuant to 11 U.S.C. §§105(a) and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and Administrative Order 538; for an order establishing procedures for monthly allowance and payment of compensation and reimbursement of expenses ("Monthly Compensation Procedures" ) for  professionals whose services are authorized by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. Dec. 5, 2012) (Bagley, C.J.); and

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

{01151753.DOC;2 }785051

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

    1.    The Motion is granted as set forth herein.

    2.    Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures.

    (a)    By the twentieth (20th) day of each month following the month for which compensation is sought or as soon as practicable, each Retained Professional seeking compensation pursuant to this Order will file with the Court a monthly fee statement ("Monthly Fee Statement") and serve it by hand or overnight delivery on the following parties (collectively, "Notice Parties"): (a) counsel to the Debtor, Leech Tishman Robinson Brog PLLC., Attn: Fred B. Ringel, 875 Third Avenue, 9th Floor, New York, New York 10022; (b) counsel to Flushing Bank, Certilman Balin Adler & Hyman, LLP, Attn:  Richard J.

McCord and Thomas J. McNamara, 90 Merrick Avenue, 9th Floor, East Meadow, New York 11554,; and (c) the United States Trustee ("U.S. Trustee"), Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004-1408, Attn: Nazar Khodorovsky;

(b) The Monthly Fee Statement need to be filed with the Court and a courtesy copy need not be delivered to Chambers since any order on the Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

(c) Each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996 as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each Notice Party receiving a statement will have fourteen (14) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the 14th (14th) day following receipt, serve upon the Retained Professional whose statement is objected to, and the Notice Parties, a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the fourteen (14) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

(f) If the Debtor receives an objection to a particular Monthly Fee Statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

3

(g) If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j), below;

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but no less frequently than every 150 days, each Retained Professional shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

(k) Any Retained Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such Retained Professional, since retention);

(l) The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall

> > have any effect on this Court's interim or final allowance of compensation and reimbursement of any Retained Professional;
>
> (n) Counsel for each official committee, if any, may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

3. All Retained Professionals not retained as of the Petition Date shall submit their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full calendar month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Order.

4. The Debtors shall include all payments to Retained Professionals on its monthly operating reports setting forth the amount paid to each of the professionals.

5. Any and all other further notice of the relief requested in the Motion shall be, and is hereby, dispensed with and waived: provided however, that the Debtors must serve a copy of this Order on all the Notice Parties.

6. All Fee Application periods shall begin on the first day of each calendar month and end on the last day of the last month.

7. The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional.

8. That any party in interest may file a motion seeking modification or suspension of monthly payments to professionals pursuant to this order on any

applicable grounds, including that the Debtor has not timely filed monthly operating reports, or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this order until such motion is resolved

9. That monthly payments to professionals pursuant to this Order may be suspended by the Court *sua sponte*.

10. Service of full copies of the Fee Applications is limited to the Notice Parties. All other parties that have filed a notice of appearance in these Chapter 11 Cases shall be served with a Hearing Notice only, with a right to receive copies of the Fee Applications upon written request. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

11. All time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.